UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIMOTHY WAGNER,**

    **Plaintiff,**

v.                                                                          CASE NO.:

**DNS AUTO GLASS SHOP, LLC,**

    **Defendant.**                                 /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIMOTHY WAGNER, by and through the undersigned attorney, sues the Defendant, DNS AUTO GLASS SHOP, LLC, a Foreign Limited Liability Company, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked for Defendant within the last three years in Hillsborough County, Florida.

3. Plaintiff worked for Defendant from around March 2019 to January 2020.

4. Plaintiff worked for Defendant as an Auto Glass Installer.

5. As an Auto Glass Installer, Plaintiff was paid a piece of rate of $60.00 per

windshield.

6. At all times material to this cause of action, Defendant was an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

7. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

8. Defendant's principal place of business is 3001 Rocky Point Drive East, Suite 200, Tampa, FL. Defendant otherwise operates and conducts business in Hillsborough County, Florida (among other counties in Florida) and is therefore, within the jurisdiction of this Court.

9. Defendant's business is auto glass repair.

10. This action is brought under the FLSA to recover from Defendant minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

13. During Plaintiff's employment, Defendant employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to computers, telephones, trucks, auto glass, and other tools/materials used to run the business.

14. Therefore, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. Additionally, Plaintiff is individually covered under the FLSA.

## Minimum Wage and Overtime Violations

16. At all times relevant to this action, Defendant failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendant for which he was not paid full minimum wages and no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

17. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18. During his employment with Defendant, Plaintiff routinely worked overtime hours.

19. Plaintiff is entitled to his regular rate of pay plus the half-time premium for all hours worked in excess of forty (40) per week.

20. Defendant then failed to pay Plaintiff his last two paychecks following his separation from the company.

21. Based upon the above policies, Defendant has violated Fla. Const. Art. X § 24 by failing to pay the full minimum wage for each hour worked.

22. Based upon the above policies, Defendant has violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

23. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

24. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

25. All conditions precedent to this action have been performed or waived.

**COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)**

26. Paragraphs one (1) through twenty-five (25) above are fully re-alleged and incorporated herein.

27. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

28. Florida's minimum wage during 2020 was $8.56 per hour.

29. During his employment with Defendant, Plaintiff was not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

30. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. Defendant did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

32. As a result of Defendant's willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

33. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, TIMOTHY WAGNER, demands judgment against Defendant for the payment of all unpaid minimum wages for which Defendant did not properly compensate, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

34. Paragraphs one (1) through twenty-five (25) above are fully re-alleged and incorporated herein.

35. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

36. During his employment with Defendant, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

37. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

38. Defendant did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

39. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

40. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, TIMOTHY WAGNER, demands judgment against Defendant for the payment of all unpaid minimum wages for which Defendant did not

properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)

41.     Paragraphs one (1) through twenty-five (25) above are fully re-alleged and incorporated herein.

42.     Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

43.     During his employment with Defendant, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

44.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

45.     Defendant did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

46.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

47.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, TIMOTHY WAGNER, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of

pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff specifically requests a trial by jury on all issues so triable.

Date: January 7, 2021						Respectfully submitted by:


							*/s/ Jolie N. Pavlos*
							Jolie N. Pavlos, Esq.
							FBN 0125571
							Morgan & Morgan, P.A.
							20 N. Orange Avenue
							Suite 1600
							Orlando, FL 32801
							Telephone: (407) 245-3517
							Facsimile: (407) 204-2206
							Email: JPavlos@forthepeople.com
									xlezcanocaban@forthepeople.com
							Attorney for Plaintiff