**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TIMOTHY WAGNER**
    **Plaintiff,**

    v.                                                                                                CASE NO.: 8:21-cv-00040-VMC-AAS

**DNS AUTO GLASS SHOP, LLC,**
    **Defendant.**
_____/

**PLAINTIFF'S[1] UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, TIMOTHY WAGNER (the "Plaintiff"), by and through his undersigned counsel, pursuant to this Court's February 26, 2021 Order, hereby files this unopposed Motion for Approval of FLSA Settlement Agreement. The parties' executed FLSA Settlement Agreement (the "Settlement Agreement") is attached as Exhibit "A."

    **I.**    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which compromised claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food*

1

*Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also*

---

[1] Defendant has not yet made an appearance in this case.

*Bonetti v.Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1226 (M.D. Fla 2009). Indeed, at least one judge, Judge Gregory A. Presnell, has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227. Judge Presnell further explained that, where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id*. at 1228.

II.   **Facts and Settlement Terms**

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against the Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff was represented by experienced counsel.

The Parties agree the instant action involves disputed issues. Specifically, there are issues as to (1) the number of hours Plaintiff worked for Defendant; (2) whether the Defendant properly paid the Plaintiff overtime compensation for all overtime hours

worked; and (3) whether the Defendant knew or should have known any such failure to pay overtime compensation was a violation of the FLSA. To date, the parties informally exchanged documentation with which Plaintiff was able to prepare a damages calculation. As alleged in Plaintiff's Complaint, D.E. 1, Plaintiff worked for Defendant as an auto glass repair specialist and was paid a piece rate for each vehicle repaired. Defendant produced a spreadsheet that listed each date Plaintiff performed work, a listing of all jobs performed on that date, and the location where the job was performed. That information was then used to estimate Plaintiff's total hours worked using certain estimates and assumptions such as how long it took Plaintiff to load his truck each day, the time it took to repair each vehicle, and the time it took to travel from one job to the next. Plaintiff then used all available data, including the estimates regarding hours worked, to calculate his unpaid overtime compensation. Plaintiff calculated – using all estimates and assumptions in his favor – that he would be entitled to $3,476.10 in unpaid overtime compensation should he prevail.

Defendant disputes that Plaintiff worked overtime hours. Specifically, they dispute Plaintiff's estimate of how long it took him to load his truck each day, how long it took him to repair each vehicle, and how long it took to travel from job to job. In sum, Defendant's position is that Plaintiff's damages analysis overestimates Plaintiff's true hours worked. Defendant also asserts that to the extent Plaintiff was to prevail in his overtime claim, Defendant acted in good faith and, as such, Plaintiff is not entitled to liquidated damages.

Recently, Plaintiff's counsel and Defendant's counsel exchanged multiple emails and phone calls in an effort to negotiate a settlement of this case. Ultimately, the case was resolved by counsel for the Parties through negotiation of a settlement, with the Plaintiff receiving $1,750.00 for unpaid overtime compensation, $1,750.00 for liquidated damages, and $4,000.00 (payable to the Plaintiff's counsel) for attorneys' fees and costs incurred in connection with the instant action.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed Plaintiff's alleged overtime compensation and formulated their own proposed settlement figures, which they forwarded to Defendants' counsel. The Parties then engaged in settlement discussions, based upon their independent calculations – including, without limitation, discussion of Plaintiff's claims for unpaid wages and liquidated damages, on the one hand, and his claim for attorneys' fees on the other. Ultimately, based upon their respective estimates of the Plaintiff's underlying claims and his claims for attorneys' fees and costs, the parties negotiated a settlement amount for the Plaintiff's FLSA claims described above and an amount for attorneys' fees and costs negotiated separately and without regard to the amount paid to the Plaintiff. The Parties, through their attorneys, voluntarily agreed to the settlement terms of their settlement during negotiations. Both of the Parties were advised and represented by counsel throughout the litigation and settlement process.

### III. Conclusion

Plaintiff jointly and respectfully requests this Court approve the Settlement Agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

### 3.01(g) CERTIFICATE OF GOOD FAITH

The undersigned hereby certifies that she has conferred with counsel for Defendant regarding the issues raised herein and has been advised by counsel for Defendant that Defendant **does not** object to the relief sought herein.

Respectfully submitted this 2nd day of March, 2021.

> */s/ Jolie N. Pavlos*
> Jolie N. Pavlos, Esq.
> Florida Bar. No 0125571
> Morgan & Morgan, P.A.
> 20 N. Orange Ave., 15th Floor
> Orlando, FL 32802-4979
> Telephone: (407) 420-1414
> Facsimile: (407) 245-3401
> E-mail: **JPavlos@forthepeople.com**
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of March 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all parties of record.

*s/ Jolie N. Pavlos*
Jolie N. Pavlos, Esquire