UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIMOTHY WAGNER**
        **Plaintiff,**

        **v.**                                    **CASE   NO.:   8:21-cv-00040-VMC-AAS**

**DNS AUTO GLASS SHOP, LLC,**
        **Defendant.**
        _____/

## PLAINTIFF'S[1] UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, TIMOTHY WAGNER (the "Plaintiff"), by and through his undersigned counsel, pursuant to this Court's February 26, 2021 Order, hereby files this unopposed Motion for Approval of FLSA Settlement Agreement.  The parties' executed FLSA Settlement Agreement (the "Settlement Agreement") is attached as Exhibit "A."

### I.    Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which compromised claims under the FLSA can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food*

*Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also*

---

[1] Defendant has not yet made an appearance in this case.

2

*Bonetti v.Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1226 (M.D. Fla 2009). Indeed, at least one judge, Judge Gregory A. Presnell, has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227. Judge Presnell further explained that, where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id*. at 1228.

## II.   <u>Facts and Settlement Terms</u>

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against the Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff was represented by experienced counsel.

The Parties agree the instant action involves disputed issues. Specifically, there are issues as to (1) the number of hours Plaintiff worked for Defendant; (2) whether the Defendant properly paid the Plaintiff overtime compensation for all overtime hours

worked; and (3) whether the Defendant knew or should have known any such failure to pay overtime compensation was a violation of the FLSA. To date, the parties informally exchanged documentation with which Plaintiff was able to prepare a damages calculation. As alleged in Plaintiff's Complaint, D.E. 1, Plaintiff worked for Defendant as an auto glass repair specialist and was paid a piece rate for each vehicle repaired. Defendant produced a spreadsheet that listed each date Plaintiff performed work, a listing of all jobs performed on that date, and the location where the job was performed. That information was then used to estimate Plaintiff's total hours worked using certain estimates and assumptions such as how long it took Plaintiff to load his truck each day, the time it took to repair each vehicle, and the time it took to travel from one job to the next. Plaintiff then used all available data, including the estimates regarding hours worked, to calculate his unpaid overtime compensation. Plaintiff calculated – using all estimates and assumptions in his favor – that he would be entitled to $3,476.10 in unpaid overtime compensation should he prevail.

Defendant disputes that Plaintiff worked overtime hours. Specifically, they dispute Plaintiff's estimate of how long it took him to load his truck each day, how long it took him to repair each vehicle, and how long it took to travel from job to job. In sum, Defendant's position is that Plaintiff's damages analysis overestimates Plaintiff's true hours worked. Defendant also asserts that to the extent Plaintiff was to prevail in his overtime claim, Defendant acted in good faith and, as such, Plaintiff is not entitled to liquidated damages.

4

Recently, Plaintiff's counsel and Defendant's counsel exchanged multiple emails and phone calls in an effort to negotiate a settlement of this case. Ultimately, the case was resolved by counsel for the Parties through negotiation of a settlement, with the Plaintiff receiving $1,750.00 for unpaid overtime compensation, $1,750.00 for liquidated damages, and $4,000.00 (payable to the Plaintiff's counsel) for attorneys' fees and costs incurred in connection with the instant action.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed Plaintiff's alleged overtime compensation and formulated their own proposed settlement figures, which they forwarded to Defendants' counsel. The Parties then engaged in settlement discussions, based upon their independent calculations – including, without limitation, discussion of Plaintiff's claims for unpaid wages and liquidated damages, on the one hand, and his claim for attorneys' fees on the other. Ultimately, based upon their respective estimates of the Plaintiff's underlying claims and his claims for attorneys' fees and costs, the parties negotiated a settlement amount for the Plaintiff's FLSA claims described above and an amount for attorneys' fees and costs negotiated separately and without regard to the amount paid to the Plaintiff. The Parties, through their attorneys, voluntarily agreed to the settlement terms of their settlement during negotiations. Both of the Parties were advised and represented by counsel throughout the litigation and settlement process.

5

### III.   Plaintiff's Attorneys' Fees and Costs

The amount negotiated for Plaintiff's attorneys' fees and costs is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) "Adjustments to that fee may then be made as necessary in the particular case." *Blum v. Stenson,* 465 U.S. 886, 888 (1984). With regard to the reasonableness of the number of attorney hours, the Supreme Court requires the fee applicant to use "billing judgment," *Hensley*, 461 U.S. at 434, which the Eleventh Circuit interprets to mean that "a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Hence, the district court should exclude any hours that are excessive, unnecessary, or redundant. *See id.* at 1302.

Applying this "billing judgment" rubric to the instant case, the result weighs in favor of the hours claimed by Plaintiff's counsel. The time records for Jolie Pavlos, Esq. show that the Morgan & Morgan Law Firm expended 14.4 hours of attorney time. There are no examples of excessive time being spent on specific tasks; all tasks in the attorney fees affidavit are for work which would be normally billed to a paying client; there are no duplicated services; and none of the time billed was

nonproductive.[2]  As such, the hours claimed by Plaintiff's Counsel are reasonable.

Regarding the reasonableness of the hourly rate, the Eleventh Circuit provides that "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984)). "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.* at 1299.

In the instant case, Plaintiff is being represented by the undersigned counsel who is bills at a rate of $300 per hour. Plaintiff's Counsel's expertise and qualifications are fully detailed in the affidavit attached as **Exhibit "B."** Plaintiff's Counsel's hourly rate is reasonable because attorneys in Central Florida with similar experience and expertise charge $300 per hour, or more. *See* Ex. B. For instance, two years ago, The Florida Bar released a report summarizing survey results from 682 Florida attorneys regarding, amongst other topics, their hourly rates charged in 2018. *See* THE FLORIDA BAR, RESULTS OF THE 2018 ECONOMICS AND LAW OFFICE MANAGEMENT SURVEY (March 2019), *also available at* https://www-media.floridabar.org/uploads/2019/03/2018-Economics-Survey-Report-Final.pdf. The survey revealed that in 2018 the median hourly rate charged by attorneys in Florida was $300 per hour. *Id.* at 8. Indeed, when narrowing in on the Central

---

[2] Additionally, this does not include tasks performed by undersigned counsel's paralegal, further evidencing the reasonableness of the fee obtained.

Florida region, the survey revealed that 51% of Central Florida attorneys charge more than $300 per hour or more. *Id.* at 10.

This Court has approved rates of $300 per hour and more for attorneys with similar experience in connection with settlements in wage and hour matters. *See, e.g., Bishop v. VIP Transportation Group, LLC,* Case No. 6:15-cv-2118-Orl-22KRS, D.E. 46 and D.E. 47 (M.D. Fla. April 27, 2017) (approving a rate of $350 per hour as reasonable); *Curbelo et al. v. Mallard Cleaning Systems, LLC,* 6:114-cv-2103-Orl-37DAB, at D.E. 24 (M.D. Fla. April 14, 2015) (recommending rate of $350 per hour in an FLSA matter for an attorney practicing only since 2006, and in employment law since 2007, and noting that $350 has been awarded in this district previously); *Orama v. Automotive Link, Inc.*, No: 6:11-cv-954-Orl-36GJK, 2012 WL 3854505 at *3 (M.D. Fla. Aug. 27, 2012) ($350 per hour in an FLSA matter); *Sanchez v. Statewide Mortgage Group, LLC,* 6:08-cv-00875-MSS-GJK, D.E. 76 (M.D. Fla. March 26, 2010) ($300.00 per hour to an eight-year attorney, eight years ago); *Quinones v. J.P. Morgan Chase & Co.,* No. 6:09-cv-00299, 2010 WL 376012 (M.D. Fla. Jan. 26, 2010) (same); *Rastellini v. Amy Charles, Inc.*, No. 6:08–cv–255–Orl–28GJK, 2009 WL 2579316, at *4 (M.D. Fla. Aug. 17, 2009) ($300.00 per hour to a seven-year attorney in 2009); *Vega v. Amer International Corp.*, 8:08-cv-00128-T-24 D.E. 42 (M.D. Fla. June 26, 2009) (same); *Callow v. Arch Angel Welding and Masonry, Inc.*, 8:08-cv1590-T-24, D.E. 23 (M.D. Fla. March 27, 2009) (same). More directly on point, nearly two years ago, Plaintiff's Counsel's requested rate of $275.00 per hour was approved by this Court in *Davis et.*

*al. v. D&G Erectors Corp.*, 6:18-cv-2058-ACC-TBS D.E. 24 (M.D. Fla. May 29, 2019), adopted and confirmed May 29, 2019, D.E. 25. Plaintiff's Counsel has two additional years of experience, including serving as class counsel in numerous wage and hour actions, and representing countless other clients in individual wage and hour actions. *See* Ex. B. As such, the hourly rate billed by Plaintiff's Counsel is reasonable.

In total, Plaintiff has incurred $4,320.00 in attorneys' fees in litigating this case. *See* Attorney Time Sheet attached as **Exhibit "C."** Plaintiff has also incurred taxable costs of $462.00 (filing fees and service of process). *See* Attorney Cost Report attached as **Exhibit "D."** Thus, Plaintiff's total fees and costs are $4,782.00. By executing this Motion, counsel for Plaintiff certifies that she has fully reviewed the supporting data in support of such Motion and that this Motion is well grounded in fact and is justified. Respectfully, given the amount incurred and that the fees and costs were negotiated separately without regard to the amount paid directly to Plaintiff, the settlement of Plaintiff's attorneys' fees and costs represents a reasonable compromise.

### III.    Conclusion

Plaintiff jointly and respectfully requests this Court approve the Settlement Agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

## **3.01(g) CERTIFICATE OF GOOD FAITH**

The undersigned hereby certifies that she has conferred with counsel for Defendant regarding the issues raised herein and has been advised by counsel for Defendant that Defendant **does not** object to the relief sought herein.

Respectfully submitted this 10th day of March, 2021.

> */s/ Jolie N. Pavlos*
> Jolie N. Pavlos, Esq.
> Florida Bar. No 0125571
> Morgan & Morgan, P.A.
> 20 N. Orange Ave., 15th Floor
> Orlando, FL 32802-4979
> Telephone: (407) 420-1414
> Facsimile: (407) 245-3401
> E-mail**: JPavlos@forthepeople.com**
> xlezcanocaban@forthepeople.**com**
> *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of March 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all parties of record.

_s/ Jolie N. Pavlos_

Jolie N. Pavlos, Esquire
