UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY WAGNER,

    Plaintiff,

v.                                        Case No. 8:21-cv-40-VMC-AAS

DNS AUTO GLASS SHOP, LLC,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the Amended Unopposed Motion for Approval of FLSA Settlement Agreement (Doc. # 17), filed on March 10, 2021. The Court grants the Motion.

**I.    Background**

Plaintiff Timothy Wagner filed this Fair Labor Standards Act (FLSA) action against his former employer on January 7, 2021, alleging violations of the minimum wage and overtime provisions of the FLSA, among other things. (Doc. # 1). After Defendant DNS Auto Glass Shop, LLC was served, the Court issued its FLSA Scheduling Order on January 29, 2021. (Doc. # 10).

Subsequently, on February 26, 2021, Wagner filed a notice of settlement, reporting that the parties reached a

1

settlement before Defendant appeared in this case. (Doc. # 13). At the Court's direction, Wagner filed a motion for approval of the settlement on March 2, 2021. (Doc. # 15). The Court then ordered Wagner to provide additional information regarding the amount of counsel's attorney's fees. (Doc. # 16).

Wagner has now filed his Amended Motion, providing further detail on the attorney's fees aspect of the settlement. (Doc. # 17).

## II. Analysis

Wagner alleges that Defendant violated the minimum wage and overtime provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Wagner will receive $1,750 for unpaid wages and $1,750 for liquidated damages. (Doc. # 17 at 5; Doc. # 17-1 at 2).

It has also been agreed that Wagner's counsel will receive $4,000 in fees and costs. (Doc. # 17 at 5). The parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Devine. (Id.). Wagner's counsel has

2

billed approximately 14 hours of attorney time at a rate of $300 per hour, which the Court considers reasonable under the circumstances. (Id. at 6-9). Additionally, Wagner explain that the issues in this case are still very much in dispute and the settlement reached "reflects a reasonable compromise of the disputed issues." (Id. at 4-5).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Amended Unopposed Motion for Approval of FLSA Settlement Agreement (Doc. # 17) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of March, 2021.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE